IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Joyce D. Gaines, | ) | |
| | ) | C.A. No. 5:10-897-HMH-KDW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local

Civil Rule 73.02 for the District of South Carolina.[1]  Joyce D. Gaines ("Gaines") seeks judicial

review of the Commissioner of Social Security's ("Commissioner") denial of her application for

disability insurance benefits ("DIB") under Title II of the Social Security Act.  Magistrate Judge

West recommends affirming the Commissioner's denial of benefits.  Gaines filed objections to

the Report and Recommendation.  For the reasons provided below, the court adopts the

magistrate judge's Report and Recommendation and affirms the decision of the Commissioner.

---

[1] The magistrate judge makes only a recommendation to this court.  The recommendation
has no presumptive weight.  The responsibility to make a final determination remains with
this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with
making a de novo determination of those portions of the Report and Recommendation to
which specific objection is made, and the court may accept, reject, or modify, in whole or in
part, the recommendation of the magistrate judge or recommit the matter with instructions.
See 28 U.S.C. § 636(b)(1).

# I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 9-23), and summarized as follows. At the time of the hearing before the ALJ, Gaines was a fifty-two-year-old woman with an eighth grade education[2] and past relevant work experience as a janitor, stocker, caregiver, and sewing machine operator/doffer. (Id. at 273, 282.) She alleges that she has been disabled since November 27, 2002, due to "back problems . . . , [high blood pressure], diabetes, [and] high cholesterol." (Id. at 281.)

Gaines filed an application for DIB on June 29, 2005. (Id. at 288.) Her application was denied initially and upon reconsideration. (Id. at 125, 130.) Gaines thereafter appeared and testified at a hearing before the ALJ. (R. at 172-87.) The ALJ denied her claim for benefits, and Gaines sought judicial review of the ALJ's adverse determination. On May 12, 2009, this court reversed the Commissioner's decision and remanded the case for further administrative proceedings because the ALJ failed to consider Gaines' obesity in combination with her other impairments. (Id. at 82-91.) Gaines appeared and testified at a hearing before a new ALJ on May 6, 2011. (Id. at 24-50.) On remand, the ALJ concluded, based upon the testimony of a vocational expert, that Gaines was "capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (Id. at 22.) Accordingly, Gaines' application was denied. That decision is the final decision of the Commissioner. 20 C.F.R. § 404.984(a).

---

[2] Gaines stated that she completed the eighth grade in her application for benefits; however at the May 2011 hearing before the ALJ she stated that she had a sixth grade education. (R. at 30.)

Gaines thereafter sought judicial review of the Commissioner's denial of benefits, contending that the Commissioner's decision should be reversed because (1) the ALJ failed to properly analyze the combined effect of her multiple, unrelated impairments at step three of the sequential analysis and (2) the ALJ erroneously found her testimony to be not credible. Magistrate Judge West rejected each argument and recommended affirming the Commissioner's denial of benefits. Gaines filed objections.

## II. DISCUSSION OF THE LAW

### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

### B. Gaines' Objections

Gaines first objects to the magistrate judge's determination that the ALJ adequately explained her consideration of the combined effect of Gaines' impairments at step three of the

five-step sequential analysis.  Where, as here, a claimant has alleged multiple impairments, the ALJ must consider the impairments in combination and determine whether their combined effect renders the claimant disabled.  Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).  The record plainly reflects that the ALJ considered the combined effects of Gaines' impairments during her evaluation.  First, the ALJ identified Gaines' severe impairments as lumbar disc disease, degenerative joint disease, facet arthropathy, lumbar degenerative disc disease, obesity, depression, anxiety, and pain disorder.  (R. at 14.)  The ALJ also noted that Gaines had the following non-severe impairments:  diabetes mellitus, hyperlipidema, hypertension, tinea, and gastritis.  (Id.)  Next, after thoroughly discussing each of Gaines' impairments individually and explaining why each failed to meet or equal a listed impairment, the ALJ explicitly noted that, as required, she had considered Gaines' impairments in combination.  (Id.)  She concluded that the "combined effects of [Gaines'] impairments, both severe and non-severe, . . . were not at least equal in severity to those described in any Listing."  (Id.)  Although the ALJ could have been more thorough in her discussion of the combined effects of Gaines' impairments, the record conclusively demonstrates that she considered the impairments in combination.  Furthermore, Gaines has failed to identify any specific listing that her combined impairments are equivalent to or otherwise explain how her impairments meet the specific criteria of any such listing.  Thus, she has made no showing that a more detailed explanation would have changed the outcome.  See Brock v. Chater, 84 F.3d 726, 729 (5th Cir. 1996) ("We will not reverse the decision of the ALJ . . . where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges.").  Based on the foregoing, the court agrees with the magistrate judge's determination that the ALJ properly considered the combined effects of Gaines' impairments.

Gaines next objects to the magistrate judge's determination that the ALJ's adverse credibility determination was supported by substantial evidence. The ALJ explicitly found that Gaines' "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the residual functional capacity assessment. (R. at 17.) In reaching this conclusion, the ALJ specifically noted that despite Gaines' allegation of being disabled, she "was treated conservatively and none of her treating physicians recommended any restrictions" during the relevant time period. (Id.) The record further reflects that the ALJ considered Gaines' activities of daily living and concluded that Gaines had only "mild restriction[s]," explaining that Gaines reported driving fourteen miles each week and did not have any problems with personal care. (Id. at 15.) Gaines' conservative medical treatment coupled with her ability to perform basic daily activities during the relevant time period constitute substantial evidence supporting the ALJ's credibility determination. See Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (upholding ALJ's adverse credibility determination based upon claimant's ability to perform daily activities); Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (explaining that inconsistency between claimant's allegations of severity of condition and actual medical treatment sought is "highly probative" of claimant's credibility). After consideration of the entire record, the court concludes that the ALJ articulated explicit and adequate reasons for her credibility determination, and because substantial evidence supports the ALJ's finding, the court discerns no error.

Based on the foregoing, the court adopts the Report and Recommendation of the magistrate judge and affirms the decision of the Commissioner.

It is therefore

**ORDERED** that the decision of the Commissioner is affirmed.

**IT IS SO ORDERED.**


                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
July 18, 2012